IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>BRYAN SANTIAGO-GUZMAN,<br>Defendant. | INDICTMENT<br><br>Criminal No. 25-385(CVR)<br><br>VIOLATION:<br>18 U.S.C. § 2113(a)<br><br><br>FIVE COUNTS |

THE GRAND JURY CHARGES:

COUNT ONE
Bank Robbery
(18 U.S.C. § 2113(a))

On or about August 23, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant,

BRYAN SANTIAGO-GUZMAN,

by intimidation did take from a person and presence of another money, namely approximately $7,563.00 in United States currency, belonging to and in the care, custody, control, management, and possession of Oriental Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

## COUNT TWO
## Bank Robbery
## (18 U.S.C. § 2113(a))

On or about September 8, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant,

BRYAN SANTIAGO-GUZMAN,

by intimidation did take from a person and presence of another money, namely approximately $6,097.50 in United States currency, belonging to and in the care, custody, control, management, and possession of Banco Popular of Puerto Rico, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

## COUNT THREE
## Bank Robbery (Attempted)
## (18 U.S.C. § 2113(a))

On or about September 8, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant,

BRYAN SANTIAGO-GUZMAN,

by intimidation did attempt to take from a person and presence of another money, belonging to and in the care, custody, control, management, and possession of Oriental Bank of Puerto Rico, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

## COUNT FOUR
## Bank Robbery
## (18 U.S.C. § 2113(a))

On or about September 8, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant,

### BRYAN SANTIAGO-GUZMAN,

by intimidation did take from a person and presence of another money, namely approximately $1,100.00 in United States currency, belonging to and in the care, custody, control, management, and possession of Banco Popular of Puerto Rico, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

## COUNT FIVE
## Bank Robbery
## (18 U.S.C. § 2113(a))

On or about September 8, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant,

### BRYAN SANTIAGO-GUZMAN,

by intimidation did take from a person and presence of another money, namely approximately $221.00 in United States currency, belonging to and in the care, custody, control, management, and possession of Banco Popular of Puerto Rico, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981)

The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981.

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), in the event of defendants' conviction of the offenses set forth in this Indictment. The defendant so convicted shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRUE BILL,

FOREPERSON
Date: September-17-2025

W. STEPHEN MULDROW
United States Attorney

_____
Jeanette M. Collazo-Ortiz
Assistant United States Attorney
Deputy Chief, Violent Crimes

_____
Pedro R. Casablanca
Assistant United States Attorney

5